

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

This Opinion *in Part*
Overrules Opinion

# 0-192

Opinion No. 0-192-A
Re: Reconsideration of Opinion No.
0-192, concerning the validity
of House Bill No. 363, Chapter
141, Acts, Regular Session, 44th
Legislature of Texas, providing
for the creation of a commission
for the investment of funds appro-
priated by Congress for expenses
in connection with the Volunteer
Army of the United States in the
War with Spain.

Your letter of January 20, 1941, requests recon-
sideration of our Opinion No. 0-192, in view of recent opin-
ions upon the subject by the office of the Comptroller Gen-
eral of the United States. The opinions adverted to, copies
of which are attached to your letter, are an opinion of
date December 5, 1940, by the Comptroller General of the
United States to Senator Hattie W. Caraway, covering funds
of a similar nature on deposit in Arkansas, and an opinion
by the Acting Comptroller General of the United States to
Honorable Lyndon B. Johnson, bearing date March 17, 1939,
reviewing and limiting an opinion of June 22, 1931, by the
Comptroller General of the United States to Honorable J.B.
Derden, Commander, Department of Texas, United Spanish War
Veterans, which letter opinion was considered by us in writ-
ing the opinion under review.

The origin and status of the $4,968.15, the in-
vestment of which is controlled by the legislative enactment
above cited, has been fully discussed in our opinion No.
0-192 and in a letter opinion of date April 13, 1931, by
this Department to Honorable Z.H. Coombs, Member of the
House of Representatives, Austin, Texas, and we do not deem
a further statement necessary.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The Act of Congress of July 6, 1898, 30 Stat.
730, 731, authorized payment to be made from Federal funds
to the Governors of any State or Territory, or his duly au-
thorized agents, of the reasonable costs, charges and ex-
penses incurred by him in aiding the United States to raise
the Volunteer Army for service in the War with Spain, by
subsisting, clothing, supplying, equipping, paying, and
transporting men of the State or Territory who were after-
wards accepted into the Volunteer Army of the United States,
such claims to be settled upon proper vouchers to be filed
and passed upon by the proper accounting officers of the
Treasury.

We cannot agree with the contention of the De-
partment of Texas that Congress appropriated the original
$48,000.00 to Texas "on the presumption that the state
had paid the men" and that consequently" the United States
did not, and does not, expect return of any remaining bal-
ance under Chapter 445, 55th Congress, March 3, 1899." On
the contrary, we persist in our opinion heretofore expressed
that the State of Texas has no right, title interest or
claim in and to said balance of $4,968.15, but same is held
by the State authorities, in trust, for payment, upon prop-
er proof, to such officers and men of the Volunteer Army for
the War with Spain as became entitled to "interim pay" for
the period and at the rates fixed in the above cited Act of
Congress. Presumptively, all claims of the State for reim-
bursement of actual expenditures made for equipping, sub-
sisting and transporting its quota of the Volunteer Army,
have long since been presented and allowed, upon proper
vouchers, because, by Act of Congress of March 7, 1906, 30
Stat, No. 42, the period of limitation for such claims for
reimbursement under these Acts of Congress was extended
from 1906 to January 1, 1910. If this $4,968.15 is to be
deemed the funds and property of the State of Texas on the
reimbursement theory, as contended by the Department of Texas,
then it would have properly been covered into the Treasury
of the State under the Act of the Legislature abolishing
special funds, and the Act under consideration here would
clearly be an unauthorized appropriation of these funds.

As long as this balance remains with the State of
Texas, through its proper officials, it is the property and
funds of the officers and men of the Volunteer Army who be-
came entitled to such portions thereof as represented their

proper "interim pay" for services. No period of limitation appears to be fixed in the Acts of Congress creating this fund, for the presentment, allowance and payment of such claims to these officers and men. Until such claims shall be presented for payment, these funds, or the balance thereof, are impressed with a trust, and the State is under the duty to guard and protect such funds. Conceivably, no claims will ever be presented to the State by those entitled to the remaining portion of this fund, and in this contingency we maintain our original position that the United States of America has a reversionary interest therein, and Congress can, at any time it deems the matter should be closed, call upon the various states for an accounting of any unexpended balance and require them to pay same into the Treasury of the United States. The fact that no such Act of Congress has been enacted or proposed or that the Comptroller General of the United States has not made any formal claims or demands upon the various states for the return of this unexpended balance, but on the contrary, by various letter opinions, has indicated no interest therein or thereto, does not control this situation or bar a future Congress from calling upon the various states for an account of their trusteeship.

Hence, after careful and sympathetic consideration of your request for our review of opinion No. O-192, we are regretfully constrained to advise you and interested parties, that said opinion correctly disposes of this question and should be adhered to.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Pat M. Neff, Jr.
Assistant

PMN:LM
APPROVED APRIL 19, 1941

s/ Grover Sellers
FRIST ASSISTANT
ATTORNEY GENERAL